IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHIDIMMA UWASOMBA, *et al.*,

    **Plaintiff,**

v.                                                                                      Civil Action No. 3:24-cv-00405

HENRICO DEPARTMENT OF SOCIAL
SERVICES,

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Henrico County Department of Social Service's Motion to Dismiss the Amended Complaint ("Second Motion to Dismiss").[1] (ECF No. 17.) In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on August 28, 2024, the Court issued an Order that advised Plaintiff Chidimma Uwasomba, proceeding *pro se*, that Defendant had filed a motion to dismiss and that "[a] decision favoring Defendant would result in the dismissal of Ms. Uwasomba's claims for relief." (ECF No. 19, at 1–2.) The Court further advised Ms. Uwasomba that "she is entitled to file a response opposing the motion" and that "[a]ny response must be filed within twenty-one (21) days of the date of entry hereof." (ECF No. 19, at 1–2.) On September 4, 2024, Ms. Uwasomba responded in opposition to the Motion. (ECF No. 20.) On September 9, 2024, Defendant replied. (ECF No. 22.)

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

The matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid in the decisional process.

For the reasons that follow, the Court will GRANT Defendant's Second Motion to Dismiss. (ECF No. 17.) The Court will DISMISS Plaintiff's Second Amended Complaint in its entirety. (ECF No. 10.) The Court will also DENY AS MOOT Ms. Uwasomba's Motion for Emergency Hearing For Relief, (ECF No. 21), and Ms. Uwasomba's Motion To Not Dismiss Emergency Hearing for Relief, (ECF No. 24).

## I. Factual and Procedural Background[2]

Ms. Uwasomba brings this action against Defendant Henrico County Department of Social Services ("Henrico DSS") for violations of her Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. (ECF No. 10, at 11.)

### A.  Factual Allegations

On March 27, 2024, Henrico DSS removed Ms. Uwasomba's two minor children from her custody. (ECF No. 10 ¶ 1, 5.) When Ms. Uwasomba asked why Henrico DSS removed her children, a Henrico DSS supervisor responded that "an emergency order was requested because [a Henrico DSS employee] expressed [that the] children's father who was [] incarcerated may get out of jail on bond." (ECF No. 10 ¶ 6.) Ms. Uwasomba asserts that the true reason for the emergency removal order was a Henrico DSS employee's "bruised ego." (ECF No. 10 ¶ 12.) Ms. Uwasomba alleges that Henrico DSS "will not relinquish possession of [her] children" and

---

[2] In considering the Second Motion to Dismiss, (ECF No. 17), the Court will assume the well-pleaded factual allegations in the Complaint to be true and will view them in the light most favorable to Ms. Uwasomba. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

2

avers that she "need[s] [her] children to market and grow their online business." (ECF No. 26 ¶¶ 38, 39.)

### B. Procedural Background

On May 31, 2024, Ms. Uwasomba filed the Complaint in this matter. (ECF No. 1.) On July 15, 2024, Henrico DSS filed a Motion to Dismiss and Memorandum in Support. (ECF Nos. 4, 5.) On July 31, 2024, Ms. Uwasomba filed an Amended Complaint in this matter. (ECF No. 6.)

On August 6, 2024, the Court ordered Ms. Uwasomba to file redacted versions of her court filings to remove the minors' information identified in her court filings. (ECF No. 8, at 2.) On August 9, 2024, Ms. Uwasomba filed an Amended Complaint (the "Second Amended Complaint") redacting the minors' information identified in her earlier court filings. (ECF No. 10.)

On August 19, 2024, Henrico DSS filed its Motion to Dismiss the [Second] Amended Complaint ("Second Motion to Dismiss"),[3] arguing that (1) "the *Younger* Abstention Doctrine and the *Rooker-Feldman* Doctrine deprive the Court of subject matter jurisdiction over the Plaintiff's claim"; and (2) "[Ms.] Uwasomba has failed to state a Section 1983 Claim" against Henrico DSS. (ECF No. 17, at 1; ECF No. 18, at 11 (italics added).) On September 4, 2024, Ms. Uwasomba responded in opposition to the Motion, (ECF No. 20), and on September 9, 2024, Henrico DSS replied, (ECF No. 22).

---

[3] This was Henrico DSS's Second Motion to Dismiss. On July 15, 2024, Henrico DSS filed its initial Motion to Dismiss, (ECF No. 4), which was subsequently mooted by the filing of Ms. Uwasomba's Amended Complaint on July 31, 2024, (ECF No. 6). (*See* ECF No. 9.)

3

On September 4, 2024, Ms. Uwasomba filed a Motion for Emergency Hearing for Relief, requesting that the Court "hear this matter immediately" due to "irreparable emotional and economic damages Plaintiffs will and are sustaining." (ECF No. 21, at 1.) On September 9, 2024, Henrico DSS filed a Memorandum in Opposition to Motion for Emergency Hearing asking the Court "to deny the Motion for Emergency Hearing for Relief" because Plaintiff "provides no concrete reasons why the Court should hold an emergency hearing" and "this Court should not exercise subject matter jurisdiction over this matter at all." (ECF No. 23, at 1.) On September 13, 2024, Ms. Uwasomba filed a Motion to Not Dismiss Emergency Hearing for Relief. (ECF No. 24.)

For the reasons articulated below, the Court will GRANT Henrico DSS's Second Motion to Dismiss. (ECF No. 17.) The Court will DISMISS Ms. Uwasomba's Second Amended Complaint in its entirety. (ECF No. 10.) The Court will also DENY AS MOOT Ms. Uwasomba's Motion for Emergency Hearing For Relief (ECF No. 21), and Ms. Uwasomba's Motion To Not Dismiss Emergency Hearing for Relief, (ECF No. 24).

## II. Standard of Review

### A.  Rule 12(b)(1)

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject matter jurisdiction, the burden rests with the plaintiff, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) can attack subject matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may attack the complaint on its

face, asserting that the complaint fails to state a claim upon which subject matter jurisdiction can lie. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a challenge, a court assumes the truth of the facts alleged by plaintiff, thereby functionally affording the plaintiff the same procedural protection he or she would receive under Rule 12(b)(6) consideration. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219.

A Rule 12(b)(1) motion may also challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a case, because a party challenges the court's "'very power to hear the case,'" the trial court is free to weigh evidence to determine the existence of jurisdiction. *Int'l Longshoremen's Ass'n* 914 F. Supp. at 1338 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219.

If the facts necessary to determine jurisdiction intertwine with the facts central to the merits of the dispute, a court should find that jurisdiction exists and resolve any factual dispute on the merits because the jurisdictional attack would then closely mirror a challenge of the merits. *United States v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999); *Adams*, 697 F.2d at 1219. A court need not examine jurisdiction in that manner when a plaintiff asserts the claim

solely for the purpose of obtaining jurisdiction, or when a plaintiff raises a wholly insubstantial and frivolous claim. *Bell v. Hood*, 327 U.S. 678, 682–83 (1946).

### B. <u>Rule 12(b)(6)</u>

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). To survive Rule 12(b)(6) scrutiny, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Twombly*, 550 U.S. at 555. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

A complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Giacomelli*, 588 F.3d at 193 (citation omitted). The court must assume all well-pleaded factual allegations to be true and determine whether, viewed in the light most favorable to the plaintiff, they "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Kensington*

6

*Volunteer Fire Dep't, Inc. v. Montgomery Cnty, Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (concluding that the court in deciding a Rule 12(b)(6) motion to dismiss "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff'" (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011))).

### III. Analysis

Henrico DSS seeks relief on two grounds: (1) the *Younger* Abstention and *Rooker-Feldman* doctrines, which preclude the Court from exercising subject matter jurisdiction; and, (2) Ms. Uwasomba's failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983. (ECF No. 17, at 1.) "Generally, a court must resolve jurisdictional issues before considering the merits of a claim, because '[w]ithout jurisdiction the court cannot proceed at all in any cause.'" *Whitaker v. Monroe Staffing Serv.*, LLC, 42 F.4th 200, 206 (4th Cir. 2022) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1980)). This Court finds that it lacks subject matter jurisdiction per the *Rooker-Feldman* doctrine, and thus need not reach Defendant's other arguments.

The *Rooker-Feldman* doctrine "strips federal courts of subject-matter jurisdiction when 'state-court losers complain[] of injuries caused by state-court judgments' in district courts." *Jonathan R. by Dixon v. Justice*, 41 F.4th 316, 339 (4th Cir. 2022) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "Under the *Rooker-Feldman* doctrine, lower federal courts may not consider either issues actually presented to and decided by a state court or constitutional claims that are inextricably intertwined with questions ruled upon by a

state court." *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002) (citation and internal quotation marks omitted).

In her Second Amended Complaint, Ms. Uwasomba references an "emergency removal order" apparently issued by the Henrico Juvenile and Domestic Relations District Court. (ECF No. 10 ¶ 13.) Ms. Uwasomba contests this order, arguing that "there was no immediate threat" justifying the removal of her children. (ECF No. 10 ¶ 16.) The removal of her children via the state court emergency removal order and related proceedings is the factual basis underlying Ms. Uwasomba's claim under 42 U.S.C. § 1983. (ECF No. 10 ¶¶ 6, 12–13, 16, 26 32–34, 38.) Ms. Uwasomba's constitutional claim in federal court is thus "inextricably intertwined with questions ruled upon by a state court." *Dunlap*, 290 F.3d at 191. Therefore, this Court lacks jurisdiction per the *Rooker-Feldman* doctrine. The Court sees no other basis for jurisdiction on this record.

Accordingly, the Court will dismiss Ms. Uwasomba's Second Amended Complaint in its entirety.

### IV. Conclusion

For the reasons articulated above, the Court will GRANT Henrico DSS's Second Motion to Dismiss. (ECF No. 17.) Because Ms. Uwasomba has already had the chance to amend her Complaint, the Court will grant the Second Motion to Dismiss with prejudice. The Court will DISMISS Ms. Uwasomba's Second Amended Complaint in its entirety. (ECF No. 10.) The Court will also DENY AS MOOT Ms. Uwasomba's Motion for Emergency Hearing For Relief,

(ECF No. 21), and Ms. Uwasomba's Motion To Not Dismiss Emergency Hearing for Relief, (ECF No. 24).

    An appropriate Order shall issue.

Date: 11/19/24  
Richmond, Virginia

/s/  
M. Hannah Lauck  
United States District Judge