IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHIDIMMA UWASOMBA, *et al.*,

    **Plaintiff,**

v.                                                  Civil Action No. 3:24-cv-00405

HENRICO DEPARTMENT OF SOCIAL SERVICES,

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff Chidimma Uwasomba's Motion Not to Dismiss (the "Motion" or the "Motion for Reconsideration"). (ECF No. 28.) The Court will construe Ms. Uwasomba's Motion Not to Dismiss as a Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) in light of Ms. Uwasomba's *pro se* status and the fact that she filed the Motion within twenty-eight days of the Court's November 19, 2024 Memorandum Opinion and Order dismissing her case. (ECF No. 28.) For the reasons articulated below, the Court will deny the Motion.

### I. Factual and Procedural Background

#### A. Summary of Allegations

In the Motion for Reconsideration, Ms. Uwasomba largely repeats her allegations made in her original Complaint and her Amended Complaint. (ECF Nos. 1, 6.) As in her prior Complaints, Ms. Uwasomba argues that Defendant Henrico Department of Social Services ("Henrico DSS") violated her Fourteenth Amendment rights by "remov[ing] [her] children" from

her custody and "providing and fabricating misleading information for the judge to act upon[.]" (ECF No. 28, at 2.)

### B. Procedural History

On May 31, 2024, Ms. Uwasomba filed the Complaint in this matter. (ECF No. 1.) On July 15, 2024, Henrico DSS filed a Motion to Dismiss and Memorandum in Support. (ECF Nos. 4, 5.) On July 31, 2024, Ms. Uwasomba filed an Amended Complaint in this matter. (ECF No. 6.)

On August 6, 2024, the Court ordered Ms. Uwasomba to file redacted versions of her court filings to remove the minors' information identified in her court filings. (ECF No. 8, at 2.) On August 9, 2024, Ms. Uwasomba filed an Amended Complaint (the "Second Amended Complaint") redacting the minors' information identified in her earlier court filings. (ECF No. 10.)

On August 19, 2024, Henrico DSS filed a Motion to Dismiss the [Second] Amended Complaint (the "Motion to Dismiss"). (ECF No. 17.) On September 4, 2024, Ms. Uwasomba responded in opposition to the Motion, (ECF No. 20), and on September 9, 2024, Henrico DSS replied, (ECF No. 22). On November 19, 2024, for the reasons articulated in its Memorandum Opinion, the Court granted Henrico DSS's Motion to Dismiss and dismissed Ms. Uwasomba's Second Amended Complaint in its entirety with prejudice. (ECF Nos. 26, 27.)

## II. Standard of Review

Because Ms. Uwasomba proceeds *pro se*, the Court liberally construes her filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations

omitted)). "This principle of liberal construction, however, has its limits." *Suggs v. M & T Bank*, 230 F. Supp. 3d 458, 461 (E.D. Va. 2017), *aff'd sub nom. Suggs v. M&T Bank*, 694 F. App'x 180 (4th Cir. 2017). A *pro se* plaintiff must allege facts sufficient to state a cause of action. *Bracey*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (citation omitted). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims that the [litigant] failed to clearly raise on the face of [the] complaint." *Newkirk v. Circuit Ct. of Hampton*, No. 3:14cv372 (HEH), 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014).

### III. Analysis

Ms. Uwasomba's Motion for Reconsideration fails to justify a reversal of this Court's November 19, 2024 Memorandum Opinion and Final Order. (ECF Nos. 26, 27.)

#### A. Ms. Uwasomba's Claims Do Not Require an Extraordinary Remedy As Provided for in Rule 59(e)

Because Ms. Uwasomba attempts to relitigate old claims, she fails to demonstrate a need for the extraordinary remedy Federal Rule of Civil Procedure 59(e) provides.

##### 1. Standard of Review: Rule 59(e)

Federal Rule of Civil Procedure 59(e) states, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). "The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). In short, "[a] party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion[.]" *Smith v. Donahoe*, 917 F. Supp. 2d

3

562, 572 (E.D. Va. 2013) (citing *Pac. Ins. Co.*, 148 F.3d at 403). Rule 59(e) does not "give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) (observing that plaintiff's brief in support of his motion to alter or amend the judgment was "no more than an expression of a view of the law contrary to that set forth in the Court's opinion," and thus the court had no proper basis to alter or amend its previous order). "[T]he purpose of [a] Rule 59(e) motion is to allow a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Smith*, 917 F. Supp. 2d at 572 (internal quotation marks and citations omitted).

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Federal Rule of Civil Procedure 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhauser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Given Ms. Uwasomba's *pro se* status, the Court considers whether the Motion addresses a change in controlling law, the emergence of new evidence, or the prevention of manifest injustice—the three grounds for relief under Rule 59(e). *See id.* (citations omitted); *Bracey*, 55 F. Supp. 2d at 421.

### 2. The Court Must Deny the Motion for Reconsideration Because it Relitigates Old Claims and Fails to Satisfy Any of the Three Requirements under Rule 59(e)

It is clear that the entirety of Ms. Uwasomba's Motion simply relitigates old claims. Ms. Uwasomba falters on the first ground for relief because she does not identify "an intervening change in controlling law" since this Court's decision on November 19, 2024. *See Hutchinson*,

4

994 F.2d at 1081 (citations omitted). Second, this case never proceeded beyond the filing of Ms. Uwasomba's Second Amended Complaint, and therefore such evidence cannot constitute "new evidence not available at trial." *Hutchinson*, 994 F.2d at 1081. Third and finally, Ms. Uwasomba fails to demonstrate a need to "correct a clear error of law or prevent manifest injustice." *See id.* Mr. Uwasomba's Motion for Reconsideration merely raises the same broad allegations as provided in her previous Complaints, and fails to establish anywhere that this Court has erred in its ruling on the law.

To properly plead a Rule 59(e) motion, Ms. Uwasomba must state "more than an expression of a view of the law contrary to that set forth in the Court's opinion." *See Durkin*, 444 F. Supp. at 889. She does not. Because the Motion for Reconsideration cannot meet any of the three grounds for relief under Rule 59(e), modification of the Court's November 19, 2024 Opinion would be an "extraordinary remedy" unwarranted in this case. *See Pac. Ins. Co.*, 148 F.3d at 403.

### VI. Conclusion

For the foregoing reasons, the Court will deny Ms. Uwasomba's Motion for Reconsideration. (ECF No. 28.)

An appropriate Order shall issue.

Date: 12/17/24  
Richmond, Virginia

/s/  
M. Hannah Lauck  
United States District Judge

5